## BEST *v.* STOW.

To induce equity to decree the specific performance of an agreement, it must be free from fraud, surprise or misrepresentation.

A misrepresentation made by the vendor in a matter of substance, affecting the value of the estate sold, is a good defence to a suit for specific performance, although the vendor, as well as the vendee, was ignorant of its untruth.

This was held of an erroneous statement that land in a distant state, was situated in a particular county, in which the purchaser desired to buy.

The *def ndant*, in a suit for specific-performance, may show in his defence, by parol evidence, that the written contract relied upon, does not correctly and truly express the agreement of the parties, but that there is some material omission, insertion or variation, through mistake, surprise or fraud.

Albany, Dec. 17, 18, 1844; January 18, 1845.

THIS was a suit for the specific performance of an agreement, dated December 1st, 1842; by which the defendant contracted to exchange a house and lot in Columbia county, for lands of the complainant situated in the state of Michigan. The agreement described the latter as "being in the district of lands subject to sale at Ionia, Michigan."

The defence was, that the agreement actually made between the parties, was for lands lying in the *county of Ionia* in the state of Michigan, and that by mistake, the scrivener who drew up the contract, described them as lands in the *Ionia Land District*, which embraced several counties. Also that the complainant represented his lands in question, as being in Ionia county, in which county the defendant desired to purchase; whereas one hundred and sixty acres of the lands were in the county of Ingham, and the residue in the county of Gratiot, both being inferior and less valuable regions than Ionia county. The answer charged that this misrepresentation was fraudulent.

There was some conflicting testimony as to the terms of the contract between the parties, and its reduction to writing; but it is deemed unnecessary to state any thing more than the conclusions of the court; which will be found in the opinion delivered.

*K. Miller,* for the complainant.

*R. McClellan,* for the defendant.

THE ASSISTANT VICE-CHANCELLOR.—I have no doubt upon the testimony, that the complainant represented to the defendant that the lands which he proposed to convey to the latter, were situated in Ionia county, Michigan. And I am satisfied that the agreement between the parties which they employed Mr. Mesick to draw up, was for the exchange of lands in Ionia county, for the defendant's lands in this state.

I do not believe that there was any fraudulent misrepresentation on the part of the complainant; and when the deeds were left with Mesick to enable him to draw the agreement, probably neither the parties, or Mesick, were aware that Ionia Land District and Ionia county, were not one and the same thing. The same mutual ignorance probably prevailed when the contract was signed.

The question is, whether the defendant shall be compelled specifically to perform an agreement thus made.

In the absence of fraud, a preliminary objection is made, that the answer does not allege any surprise or mistake.

It is true, the answer does not make use of those words. It however states the complainant's representation that the lands were in the county of Ionia, that the defendant bargained for such lands, and that Mr. Mesick was to have drawn up the contract accordingly. The answer then shows the error in the contract, and that the lands are in the counties of Ingham and Gratiot.

This suffices to present the issues of mistake and misrepresentation.

In order to induce this court to decree a specific performance, the contract must be free from fraud, misrepresentation or surprise. (*Seymour* v. *Delancey,* 3 Cowen, 445.)

The party defending against a suit for such performance, need not prove that the misrepresentation was wilful or fraudulent. But it must be in some matter of substance, which affects the value of the estate sold, and which was unknown to the purchaser.

The locality of the land is usually one of the most important considerations with a purchaser. This fact constitutes one of

the reasons assigned for the interposition of a court of equity. A compensation in damages will not in such cases afford adequate relief; for the peculiar locality, soil, vicinage, advantage of markets, and the like conveniences of an estate contracted for, cannot be replaced by other land of equal value.

In this case, it is clear that the defendant intended to contract for lands in the county of Ionia, and not elsewhere. He contracted on the representation that the lands were in that county. It turns out, that the lands are not in Ionia county, and it would be inequitable to compel him to receive them.

There is another principle upon which this defence may be sustained.

The *defendant*, in answer to a bill for a specific performance, may prove by parol evidence, that the written instrument sought to be enforced against him, does not correctly and truly express the agreement of the parties, but that through fraud, surprise or mistake, there is some material omission, insertion or variation, contrary to the intention or understanding of the parties. (2 Story's Eq. § 769, 770, and note; 1 Sugd. on Vend. Ch. 3, § 8, p. 224, &c., 6th Am. ed.; 1 Phill. Ev. 4 Am. ed. 569. And see *The Marquis Townshend* v. *Stangroom*, 6 Ves. 328; *Ramsbottom* v. *Gosden*, 1 V. & B. 165; *Gillespie* v. *Moon*, 2 J. C. R. 585; *Rich* v. *Jackson*, 4 Bro. C. C. 514; S. C., 6 Ves. 334, note *c.*)

I will mention a few of the cases in which this principle has been applied.

In *Joynes* v. *Stathan*, 3 Atk. 388, the defendant was permitted to prove that the agreement between the parties was that the rent was to be paid *clear of taxes;* which clause was omitted in the agreement as written and signed.

*Clark* v. *Grant*, 14 Ves. 519, 524, was a case where performance was refused upon a parol variation of the written contract.

In *Winch* v. *Winchester*, 1 V. & B. 375, parol evidence of the auctioneer, warranting the quality of land, was received in opposition to a specific performance of a contract which expressed the quantity to be forty-one acres, *more or less.*

In *Clainan* v. *Cook*, 1 Sch. & Lef. 22, 38, 39, Lord Redesdale fully approved and admirably vindicated the principle, as appli-

cable to defendants resisting specific performance; but he refused to apply it in favor of the complainant who sought to enforce performance.

And Sir William Grant, Master of the Rolls, pursued the same course in *Woolam* v. *Hearne*, 7 Ves. 211, at the same time indicating the established rule in behalf of defendants.

I think the defendant here is justified in saying that the instrument which he signed, did not contain the agreement which he entered into, and that he is not bound to perform it.

The bill must therefore be dismissed, but without costs. The defendant has failed in showing the fraud which he set up in his answer, and succeeds on a ground which is not inconsistent with good faith on the part of the complainant in making the contract.

Decree accordingly.